## BOSTWICK *v.* AMERICAN FINANCE CO.

*(Circuit Court, S. D. New York. November 12, 1890.)*

FEDERAL COURTS—JURISDICTION—CITIZENSHIP—RESIDENCE.

    Act Cong. March 3, 1887, as amended by Act Aug. 13, 1888, provides that no civil suit shall be brought against any person in any other district than that whereof he is an inhabitant; "but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." *Held* that, when the jurisdiction depends solely on the citizenship, plaintiff may bring the action in the district wherein he resides, without reference to the residence of defendant, if he resides in a different state.

In Equity.

*John V. Bouvier, Jr.,* for the complainant.

*James Parker,* for the defendant.

COXE, J. The complaint alleges that the complainant is a citizen of this state and a resident of the city of New York; that the defendant is a Pennsylvania corporation; and "that its principal and only place of business is at the city of New York, where it transacts all its business aforesaid, and not elsewhere." The action is in the nature of a creditor's bill, in aid of a judgment heretofore recovered in an action in this court, which action was commenced by complainant in the supreme court of New York in November, 1888, and was removed to this court by the defendant upon the ground that defendant was a foreign corporation. The defendant appears and interposes a special plea, insisting that the court has no jurisdiction for the reason that the defendant is not a citizen or inhabitant of this state or found within this district. There is no proof as to the manner in which the defendant was brought into court, and no question arises as to the regularity of the service of the writ. If a question of this kind exists it should have been raised by motion to set aside the service, *Robinson* v. *Stock-Yard Co.,* 12 Fed. Rep. 361; *Golden* v. *The Morning News,* 42 Fed. Rep. 112. Nothing is now before the court but the bill and plea. The issue thus raised is plain and simple. Has this court jurisdiction of an action in which the complainant is a citizen of New York and a resident of this district, and the defendant a citizen of Pennsylvania? It is thought that it has. The act of March 3, 1887, amended August 13, 1888,) provides that the circuit court shall have jurisdiction of suits at law or in equity where there is a controversy between citizens of different states; that no civil suit shall be brought against any person by any original process in any other district than that whereof he is an inhabitant; "but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant." The parties here are citizens of different states, and the complainant is a resident of the district where the suit is brought.

Nothing more is needed. In the case of *Filli* v. *Railroad Co.*, 37 Fed. Rep. 65, it was said:

"If the plaintiff in the case at bar were a citizen of this state, and a resident of this district, he could no doubt effect service on the defendant here, where its principal office is located, although it is a citizen of Pennsylvania, and so much of its railroad as is located in this state lies within the northern district."

. This language exactly covers the present case. See, also, *Fales* v. *Railway Co.*, 32 Fed. Rep. 673; *Short* v. *Railway Co.*, 33 Fed. Rep. 114; *St. Louis R. Co.* v. *Terre Haute R. Co.*, Id. 385; *Rawley* v. *Railway Co.*, Id. 305; *Loomis* v. *Coal Co.*, Id. 353; *Bank* v. *Avery*, 34 Fed. Rep. 81; *Wilson* v. *Telegraph Co.*, Id. 561; *Hills* v. *Railway Co.*, 37 Fed. Rep. 660.

The plea is overruled. The defendant may answer within 20 days.